VIRGINIA H. MOSS v. GEORGE W. BLAIN ET AL.
SAME v. SAME.
GEORGE MARSHALL & CO. v. SAME.
CHARLES W. DELAND v. SAME.
JOHN BUTTING v. SAME.

**Husband and Wife—Suit for Wife's Debt—Pleading.**

Where a husband in suing to recover a debt contracted by defendant with plaintiff's wife prior to the plaintiff's marriage with her, fails to allege that any property came to his possession by virtue of the marriage, the petition does not state a cause of action.

**Pleading—Defect in Petition Cured by Answer.**

A petition by a husband to recover a debt owing to his wife, contracted prior to their marriage, which is defective for failure to show that any of the wife's property came into his possession, is cured by an answer which admits the indebtedness and sets up a set-off and asks a judgment for the overplus.

**Attachment—Fraudulent Combination to Defeat Creditors.**

The evidence was held to establish a fraudulent combination between a defendant and third persons for the purpose of holding the property of defendant as against the claims of his creditors, and to be sufficient to sustain an order of attachment.

March 7, 1874.

OPINION BY JUDGE LINDSAY:

DeLand sued Blain to recover on a debt contracted by his wife before her marriage. He failed to allege that any property whatever had come to the hands or possession of the husband by the marriage. He therefore failed to state a cause of action, and cannot complain that his petition was dismissed. Husbands & Wife v. Bullock's Adm'r, 1 Duvall 21.

Butting's petition is liable to the same objection, and he also is without ground for complaint. Wherefore, as to DeLand and Butting, the judgments appealed from are affirmed.

The petition of Marshall & Co. is defective in the same regard, but this defect is cured by Blain's answer. He, in plain and unequivocal terms, admits his liability to Marshall & Co., and pleads a set-off of $500, and asks a judgment for the over-plus. One of the actions instituted by Mrs. Moss is upon an account created by

Blain, and the other upon a judgment in her favor against him and his wife, recovered in a justice's court in Hamilton county, Ohio.

In each of the cases of Mrs. Moss, as well as in that of Marshall & Co., Blain was before the court by service of summons, and hence appellants were entitled to judgment against him. There is nothing in the case tending to show that he had been induced to come within the jurisdiction of the Kentucky court by the fraudulent or improper conduct of either of the appellants. About the 1st of September Mrs. Moss refused to allow him to remain longer at her house in Cincinnati, as she had the undoubted right to do, and he then came to Kentucky to the house of his mother-in-law, Mrs. Goodloe, as a matter of choice. His creditors, therefore, had the right to follow him to Kentucky and sue him, and as he presented no available defense to their actions, they should have had judgments. So much of the judgment as dismisses the petition of Marshall & Co., and the petition of Mrs. Moss, asking a recovery on the Ohio judgment, is reversed and the cause remanded with instruction to render judgment in favor of each of said parties.

We are unable to perceive why the orders of attachment were discharged. The proof sustains almost every ground relied on, and the verdict of the jury, in the cross-action of Mrs. Goodloe, establishes, beyond doubt, the fraudulent combination between her and Blain to hold and protect his property against his creditors. The action of Mrs. Moss in sending the property to Kentucky may have been improper, but not so much as to deprive her of the legal right to attach it and secure her debts. Blain failed to pay his board bills. He left his furniture in the house of Mrs. Moss, and came to Kentucky. She sent it to the place at which he had stopped and then attached it. It may be that he would have preferred that it should remain in Ohio, but Mrs. Moss was not bound to keep it in her house, and had no direction from him as to where it should be deposited. Besides all this, Blain should not have been allowed to resist the sale of the property and the disposition of the proceeds. He came into court, and by written answers that were sworn to, declared that he did not own it and had no interest whatever in it. The jury, in Mrs. Goodloe's case, found that she owned but two or three articles. After these articles were turned over to her there was no reason whatever why the

proceeds of the remaining property should not have been distributed *pro rata* between Mrs. Moss and Marshall & Co.

Wherefore the judgments discharging the attachments sued out by them is reversed. The cause is remanded for further proceedings consistent with this opinion. So far as the appeals against Mrs. Goodloe are concerned the judgment is affirmed.

*Hounshell, Stone, Abert, for appellant.*

*Root & Hawkins, for appellees.*